THE UNITED STATES DISTRICT COURT
THE DISTRICT OF SOUTH CAROLINA
THE COLUMBIA DIVISION

| | |
|---|---|
| MARY CATHY PURVIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   (JURY TRIAL REQUESTED) |
| | ) |
| LUTHERAN HOSPICE d/b/a | ) |
| THE LUTHERAN HOMES OF | ) |
| SOUTH CAROLINA, INC. and | ) |
| THE LUTHERAN HOMES OF | ) |
| SOUTH CAROLINA d/b/a | ) |
| LOWMAN HOMES | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

**COMPLAINT AND JURY DEMAND**

The Plaintiff, Mary Cathy Purvis, by and through her attorney, Bonnie Travaglio Hunt of Hunt Law LLC, does hereby complain against the above named defendants as follows:

**NATURE OF THE ACTION**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq.*). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

2. This action is brought pursuant to the Americans with Disabilities Act (ADA).

3. This action is brought pursuant to the Laws of the State of South Carolina.

1

## PARTIES

4. Plaintiff is an adult female individual over the age of 40 and a citizen of the United States who currently resides in the State of South Carolina.

5. At all relevant times the Plaintiff was an employee of the Defendants.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 as the matter involves a federal question based on Title VII, Americans with Disabilities Act, and Retaliation.

7. The County of Richland is the proper venue for this action because this is the District and Division in which a substantial portion of the acts of discrimination giving rise to the causes of action contained herein occurred.

## PROCEDURAL PREREQUISITES

8. The Plaintiff properly filed a charge of discrimination with the Equal Employment Opportunity Commission alleging Discrimination in violation of the American's with Disabilities Act, hostile work environment and retaliation.

9. The charge was filed on July 28, 2014 prior to the expiration of the 300 day filing requirement.

10. That the Plaintiff's charge set forth the following:

   I.   I am a current employee of Lutheran Homes of South Carolina, Inc. As a hospice nurse.  I have extensive experience as a hospice nurse.   Recently I have suffered a heart incident and an injury to my ankle.   As a result of the injury, I am required to

work with a cane and a brace on my foot.   That my employer has informed me that I will not be permitted to use any assistive devises while at work.

II.       My employer has harassed my physician regarding my perceived disability and my abilities to perform my position.

III. I am capable of performing any and all requirements of my position with or without accommodation.   I have complained to my employer about their actions and failure to return me to work.

IV. The Defendant is treating me differently than other individuals that are not perceived as disabled.   My employer has not offered me any explanation for not permitting me using the assistive devices, refusing, to return me to work, harassing any physician, or discriminating against me.

V.   I believe that I have been discriminated against because of perceived, actual or record disability in violation of Americans with Disabilities Act.   I believe that I have been retaliated against in violation of ADA.

11. That the EEOC issued a right to sue on March 22, 2015 stating the following:   The EEOC issues the following determination:   Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.   This does not certify that the respondent is in compliance with the statutes.   No finding is made as to any other issues that might be construed as having been raised by this charge.

12. That the Plaintiff's Attorney received a right to sue from the Equal Employment Opportunity Commission on March 27, 2015.

13. That fewer than ninety days have elapsed since the Plaintiff received the right to sue.

## FACTUAL BACKGROUND

14. The Plaintiff is a female over the age of 40.

15. That the Plaintiff was an employee as defined by 42 U.S.C. 2000(e), Title VII and the Americans with Disabilities Act.

16. That the Defendants are employers as defined by State Law, Federal Law and Title VII.

17. The Plaintiff was employed with all of the above named defendants.

18. The Plaintiff was employed from November 2013 until July 2014.

19. The Plaintiff was hired as a hospice nurse.

20. That when the Plaintiff was hired she was issued policies and procedures regarding her employment.

21. The Employee Handbook set forth different policies and procedures that government the Plaintiff's employment with the Defendants, specifically Statement of Non-Discrimination, Professionalism, Employment/Performance Evaluations, Employment Benefits, Returning to Work and several other policies.

22. The policies set forth the Plaintiff was eligible for all benefits including but not limited to Short Term Disability, Long Term Disability, Health Insurance, etc.

23. The Plaintiff was an exemplary employee.

24. During the Plaintiff's employment the Plaintiff was offered and accepted a second position as the Nursing Supervisor.

25. During the Plaintiff's employment the Defendants failed and refused to follow several of its own policies and procedures.

26. During the Plaintiff's employment the plaintiff was issued a job description by the Defendants that set forth the requirements of each of her positions.

27. That during the Plaintiff's employment the Plaintiff suffered an injury that required surgery and extensive treatment.

28. As a result of the injury the Plaintiff was required to be out of work.

29. That after the treatment the Plaintiff was released by her physician to return to work.

30. That the Defendants required the Plaintiff's treating physician to sign off on each of her job duties.

31. That the Plaintiff's physician signed off and released the Plaintiff to return to work.

32. The Plaintiff returned the proper paperwork to the Defendants.

33. The Plaintiff physically went to the office to return the completed paperwork.

34. That at the time the Plaintiff went to the office the Plaintiff had a boot on her foot and a cane.

35. That the Plaintiff's direct supervisor made a medical determination based on the look for the Plaintiff and was not satisfied with the treating physician's determination.

36. Despite receiving the Plaintiff's treating physician's statement and release the Defendants required further information based on the look of the Plaintiff.

37. That the Defendants made a determination that the Plaintiff was unable to perform the essential functions of her position based on their perception.

38. At this time, the Plaintiff's Supervisor, Ms. Johnson and the Human Resources were making medical diagnosis's and treated the Plaintiff differently based on a perceived disability.

39. The Plaintiff's physician completed the further paperwork for the Defendants and conducted a functional capacity exam on the Plaintiff and determined that the Plaintiff was able to do all essential functions of her position.

40. That the Defendants upon receipt of the paperwork failed and refused to return the Plaintiff to work informing the Plaintiff that the paperwork was incomplete and that her physician's opinion of the functional capacity test was not adequate.

41. While the Plaintiff was out of work the Plaintiff paid all premiums for insurance.

42. That even though the Defendants received the Plaintiff's payment for the insurance the Defendant failed to pay the premiums and canceled the Plaintiff's insurance.

43. That the Defendants failed to notify the Plaintiff of the cancelation.

44. The Plaintiff sought and received medical treatment based on the fact that she believed that she had medical insurance, Short Term Disability, And Long Term Disability in accordance with the Defendants' policies and procedures.

45. That the Plaintiff was damaged by the Defendants failure to properly notify her in compliance with the law and its own policies and procedures. If the Defendants had properly notified the Plaintiff the Plaintiff could have made alternative arrangements.

46. That due to the Defendants failure to follow its own policies and procedures and the law the Plaintiff suffered irreparable damages.

47. That the Plaintiff provided all proper paperwork to the Defendants to return to work.

48. That the Defendants perceived her as disabled.

49. That the Defendants saw the Plaintiff's arrival with a boot and cane and denied all requests for the Plaintiff to return to work.

50. That the Plaintiff did not even have an opportunity to request a reasonable accommodation based on the perception of the Defendants.
51. No reasonable explanation was provided to the Plaintiff as to why she was not returned to work.
52. At all times the Plaintiff was able to perform all aspects of her position with or without accommodation and did so.
53. That the Plaintiff was discriminated against based on her perceived disability.
54. During the Plaintiff's employment the Plaintiff suffered discrimination based on her disability.
55. That Defendant wrongfully discriminated against the Plaintiff in violation of the Americans' with Disabilities Act.
56. That each of the reasons presented by the Defendants was pretextual.
57. Defendants' actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.
58. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.
59. That the Defendant is the direct and proximate cause of injury to the Plaintiff.
60. That the Plaintiff was issued certain policies and procedures by the Defendants.
61. That the Plaintiff was informed that the policies and procedures would be followed.
62. That the Defendants violated those policies and procedures by discriminating against the Plaintiff.

63. The Defendants further violated the policies and procedures by failing to follow the insurance policies.

64. The Defendants further violated the law by failing to notify the Plaintiff of the cancelation of any and all insurances having the Plaintiff suffer irreparable damage to her financial status.

65. That the Defendants further violated the policies and procedures by creating a hostile work environment.

66. That the Defendants further violated those policies and procedures by retaliating against the Plaintiff.

67. That as a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

68. Defendants engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her perceived disability. These practices and policies include, but are not limited to, failing and refusing to properly pay her as her male counterparts, failing and refusing to reduce the pay of her male counterparts, failing and refusing to enforce the policies, failing and refusing to follow the disciplinary policy, failing and refusing to follow procedures related to the harassment and discrimination of the Plaintiff and wrongfully terminating the Plaintiff's employment.

# FOR A FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION AND HARASSMENT

## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

69. That Paragraphs one (1) through sixty eight (68) are hereby incorporated verbatim.

70. The Defendant is an employer as defined in ADA.

71. That the Plaintiff is an employee as defined by the ADA.

72. That the Plaintiff was considered an exemplary employee.

73. That while she has been employed with the Defendant, the Plaintiff has been able and has performed her job duties in a satisfactorily level of the Defendant.

74. That the Defendant considered the Plaintiff's disability or perceived disability when considering any and all employment decisions.

75. That the Plaintiff was harassed regarding her ability to return to work.

76. The Defendants stalked the Plaintiff and her physician in order to obtain medical documentation they felt was appropriate.

77. That the Defendants failed and refused to accept the Plaintiff's treating physician's medical observations and diagnosis and substituted their own judgment and refused to return the Plaintiff to work.

78. The Plaintiff never had an opportunity to request an accommodation due to her cane and boot. The Defendants assumed the Plaintiff was unable to perform the position and immediately disqualified her from returning to work.

79. That the Defendants reasons for denial were pretextual.

80. That the Defendants discriminated against the Plaintiff based on her disability, record of disability, and or perceived disability.

9

81. That the Defendants are the proximate and direct cause of damage to the Plaintiff.

82. That the Plaintiff has suffered severe emotional damages as a result of the Defendants' discrimination against the Plaintiff.

83. That the Plaintiff was denied the position based on consideration of her disability, the Defendants' perception of the Plaintiff's disability, or in consideration of the Plaintiff's disability, the Defendant violated the ADA.

84. That as a direct result of the Defendants' violation of ADA the Plaintiff has suffered:

    a. Considerable damage to her reputation;

    b. Economic damages;

    c. Economic hardship;

    d. Loss of his position;

    e. Actual and future lost wages;

    f. Loss of benefits;

    g. Loss of future Benefits;

    h. Suffered anxiety, humiliation and emotional damages.

85. That the Plaintiff is entitled to recover damages from the Defendants in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADA for the Defendants' discrimination against the Plaintiff based on her disability.

### FOR A SECOND CAUSE OF ACTION
### RETALIATION

86. That Paragraphs one (1) through eighty-five (85) are hereby incorporated verbatim.

87. That the Plaintiff was an employee according to the law of the State of South Carolina, Federal Law including but not limited to ADA.

88. That the Plaintiff complained of discrimination based on her disability.

89. That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of her complaints.

90. As a result of the Plaintiff's complaints regarding discrimination based on her Disability based on her previous complaints the Defendants retaliated against the Plaintiff.

91. The Defendants actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

92. As a result of Defendants actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

93. That the Defendants are the direct and proximate cause of injury to the Plaintiff.

94. That the Plaintiff is entitled to an award of damages from the Defendants.

## FOR A THIRD CAUSE OF ACTION

## BREACH OF CONTRACT

95.     That paragraphs one (1) through seventy-three (73) are hereby incorporated verbatim.

96.     That upon employment the Plaintiff was issued policies and procedures manual.

97.     That the Plaintiff received verbal promises that the policies and procedures of the Defendant would be followed.

98.    That the policies and procedures manual contained policies regarding the Plaintiff's benefits, medical leave, termination, etc.

99.    That the Defendants failed and refused to administer policies and procedures properly.

100.   That the Defendants

101.   That the Plaintiff and the Defendants entered into a contract where the Plaintiff would be entitled to benefits including but not limited to health insurance, Short Term Disability, Long Term Disability and Termination of any benefits.

102.   That the Defendants breached the employment contract.

103.   That the Defendants breached the employment contract by not performing its part of the promise.

104.   That the Defendants reasons for failing to follow the policies and procedures were pretextual.

105.   That the Defendants then terminated the Plaintiff because of their failure to follow the policies and procedures.

106.   That the Defendants reason's for terminating the Plaintiff were false and created by the Plaintiff's supervisor to lead to the Plaintiff's termination.

107.   That the Defendant wrongfully and willfully breached the employment contract with the Plaintiff by creating false reasons for terminating the Plaintiff.

108.   That, as direct and proximate result of the Defendant's knowing, intentional, and malicious violation of the employment contract, the Plaintiff suffered:

        (a)    Loss of Benefits she would have been otherwise entitled to;

        (b)    Not being given the benefit of the progressive discipline;

(c) Suffered the loss of employment with the Defendant, lost wages and lost benefits; and

(d) Suffered consequential damages from the loss of compensation.

109. That the Plaintiff is entitled to an award of damages against the Defendant in the amount of actual damages, consequential damages, and punitive damages.

## FOR A SECOND CAUSE OF ACTION

## BREACH OF CONTRACT/DETRIMENTAL RELIANCE

110. That Paragraphs numbered one (1) through eighty-four (84) are hereby incorporated verbatim.

111. That the Defendant made a promise to the Plaintiff to follow the policies and procedures as set forth in the handbook/manual.

112. That the Defendant made that promise to the Plaintiff with the, intent to and knowledge that the promise would induce the Plaintiff not to seek another position and or other options regarding her benefits.

113. That the Plaintiff reasonably relied on the Defendants promises when he suffered economic and consequential economic damages by not being able to seek other employment and/or benefits from a third party provider.

114. That had the Defendant not induced the Plaintiff to reasonably rely on its performance he would not have suffered the foreseeable damages arising from the Defendant's failure to allow the Plaintiff time to seek other employment and/or benefits.

115. That the Defendant was aware that the Plaintiff would incur expenses and acted to his detriment on their promises when they knowingly reneged on their promises.

116. That as a direct and proximate result of the Defendant's knowing and intentional unlawful actions, the Plaintiff suffered actual damages and consequential economic damages.

## FOR A FOURTH CAUSE OF ACTION

## BAD FAITH FAILURE TO PAY INSURANCE

## FOR A FIFTH CAUSE OF ACTION

## ERISA

117. Paragraphs one (1) through one hundred and sixteen (116) are hereby incorporated verbatim.

118. That the Plaintiff applied for and was approved to receive benefits under the Defendant's plan.

119. That the Defendant agreed to pay the Plaintiff's benefits.

120. That the Defendants employee handbook set forth the requirements of the plan.

121. That the Defendants failed to notify the Plaintiff of the requirements of the plan.

122. That the Defendants wrongfully denied benefits to the Plaintiff.

123. That the Defendants are required by the law to pay the claims of the Plaintiff.

124. That the Defendant decision to not pay the Plaintiff's benefits was not made in good faith, unsupported by substantial evidence, erroneous as a matter of law, an abuse of discretion and thereby violates ERISA.

125. That the Plaintiff has been wrongfully denied benefits under ERISA.

126. That the Plaintiff is entitled to an award of benefits being paid.

127. That the Plaintiff is entitled to attorney's fees and costs in this action.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this Honorable Court:

a) Accept jurisdiction over this matter, including the pendent claim;

b) Empanel a jury to hear and decide all questions of fact;

c) Award to plaintiff compensatory damages against the defendants jointly and severally;

d) Award to plaintiff punitive damages of against Defendants for their malicious and spiteful pattern of discrimination and harassment based on the Plaintiff's Disability;

e) Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

f) Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in discrimination, disparate treatment or retaliation against plaintiff,

g) Enter any other order the interests of justice and equity require;

h) Any and all damages available pursuant to South Carolina Law for the Common Law Causes of action;

i) Any and all damages available pursuant to Employee Retirement Income Security Act violations;

j) Any and all damages available pursuant to the Breach of Contract, Breach of Contract/Detrimental Reliance;

k) Any and all attorney's fees;

l) Actual, Consequential, Compensatory, and Punitive damages for any and all actions taken against the Plaintiff that are considered to be unlawful.

                HUNT LAW LLC

                *s/Bonnie Travaglio Hunt*
                Bonnie Travaglio Hunt
                HUNT LAW LLC
                4000 Faber Place Drive, Suite 300
                North Charleston SC 29405
                Post Office Box 1845, Goose Creek, SC 29445
                (843)553-8709

Dated:   June 3, 2015