# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Mary Cathy Purvis, | Civil Action No.: 3:15-cv-02238-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| The Lutheran Homes of South Carolina, Inc., | |
| Defendant. | |

Plaintiff Mary Cathy Purvis has pending against her former employer, Defendant The Lutheran Homes of South Carolina, Inc. ("Defendant" or "LHSC"), state law claims for breach of contract, breach of contract/detrimental reliance and bad faith failure to pay insurance. (ECF No. 1 at 11 ¶ 95–14 ¶ 127.)

This matter is before the court on Defendant's Renewed Motion for Summary Judgment asserting that the aforementioned state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. (ECF No. 30 at 1–2.) Alternatively, Defendant moves the court to amend its Order entered on March 30, 2017 (the "March Order," ECF No. 29), pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (ECF No. 30 at 2.) Plaintiff opposes Defendant's Motion in its entirety. (ECF No. 37.) For the reasons set forth below, the court **DENIES** Defendant's Renewed Motion for Summary Judgment[1] and **GRANTS IN PART** Defendant's Rule 54(b) Motion to Amend.

---

[1] At the outset, the court **DENIES** the Renewed Motion for Summary Judgment as untimely filed. Under Rule 56, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). In this regard, Defendant did not seek leave to file its Renewed Motion and the deadlines for both discovery and dispositive motions expired in April of 2016, almost two years ago.

# I. LEGAL STANDARD AND ANALYSIS[2]

In the March Order, the court made the following observations in denying Defendant summary judgment on Plaintiff's state law claims for breach of contract, breach of contract/detrimental reliance and bad faith failure to pay insurance:

> In this matter, Plaintiff alleged state law claims for breach of contract, breach of contract/detrimental reliance and bad faith failure to pay insurance. (ECF No. 1 at 11 ¶ 95–14 ¶ 127.) Defendant moved for summary judgment as to these claims on the basis that they were preempted by ERISA. (ECF No. 17-1 at 33.) The Magistrate Judge agreed and recommended dismissal of the claims because they were "all preempted by ERISA." (ECF No. 24 at 11.)
> 
> The court observes that "[i]n determining whether ERISA preempts a plaintiff's state law claims, the primary consideration [] requires applying the test the Fourth Circuit has adopted for determining whether ERISA completely preempts a state law claim." *Hendrix v. Res. Real Estate Mgmt., Inc.*, 170 F. Supp. 3d 879, 887 (D.S.C. 2016) (citing *Sonoco Prod. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003) (adopting the Court of Appeals for the Seventh Circuit's test for determining ERISA preemption); *Tucci v. First Unum Life Ins. Co.*, 446 F. Supp. 2d 473 (D.S.C. 2006) (considering Sonoco in the context of a long term disability insurance plan)). "[T]he test sets forth three requirements to establish complete preemption:" (1) the plaintiff must have standing under [ERISA] § 502(a) to pursue its claim; (2) its claim must fall[] within the scope of an ERISA provision that [it] can enforce via § 502(a); and (3) the claim must not be capable of resolution without an interpretation of the contract governed by federal law, i.e., an ERISA-governed employee benefit plan. *Id.* (quoting *Sonoco*, 338 F. 3d at 372).
> 
> Upon review, the court observes that neither Defendant (ECF No. 17-1 at 33) nor the Magistrate Judge (ECF No. 24 at 10–11) addressed these factors before reaching the conclusion that Plaintiff's state law claims were preempted by ERISA. Without these factors having been addressed by the movant, the court is not persuaded that Defendant is entitled to judgment as a matter of law on this issue. As a result, the court denies the Motion for Summary Judgment on the basis of ERISA preemption as to Plaintiff's state law claims for breach of contract, breach of contract/detrimental reliance and bad faith failure to pay insurance without prejudice.

(ECF No. 29 at 12–13.)

Thereafter, on April 11, 2017, Defendant filed the instant Renewed Motion for Summary

---

[2] The March Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference. (*See* ECF No. 29 at 2–6.)

Judgment "on the grounds that the Magistrate Judge's finding that Plaintiff's state law claims are preempted by ERISA is consistent with the Fourth Circuit's three-factor *Sonoco* test on this issue, despite LHSC's prior omission of a more complete discussion in that regard." (ECF No. 30 at 1–2.) In the alternative, Defendant argues that the court should amend the March Order pursuant to Rule 54(b) because (1) "the denial of summary judgment on those claims based on LHSC's prior omission of a more complete discussion of the ERISA preemption issue would present a 'manifest injustice' to LHSC, because the record supports the dismissal of Plaintiff's state law claims as a matter of law, irrespective of ERISA preemption" and (2) "the Court's denial of summary judgment based on the failure to address the *Sonoco* test amounts to clear error of law, because the Magistrate Judge's preemption conclusion was supported by a citation to a later Fourth Circuit decision with a different preemption test as *Sonoco*, indicating that a discussion of the *Sonoco* test was unnecessary under Fourth Circuit precedent to support a finding of ERISA preemption." (*Id.* at 2 (citing *Wilmington Ship. Co. v. New Eng. Life Ins. Co.*, 496 F.3d 326 (4th Cir. 2007)).)

On May 16, 2017, Plaintiff filed a Response in Opposition to Defendant's Renewed Motion for Summary Judgment and Motion to Amend arguing that the court "correctly ruled that [] Defendant was not entitled to summary judgment on Plaintiff's Breach of Contract claims." (ECF No. 37 at 4.)

## II. JURISDICTION

This court has jurisdiction over Plaintiff's state law claims based on supplemental jurisdiction since they were "so related to claims in the action within such original jurisdiction that . . . it form[s] part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Even though it dismissed the federal claims against Defendant, the court has the authority to retain jurisdiction

3

over the state law claims that were closely related to the original claims. *Id.*

### III.  LEGAL STANDARD

Rule 54(b) provides the following:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*Id.* Under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion, but has held motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n*, 326 F.3d at 514; *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (the Court found it "unnecessary to thoroughly express our views on the interplay of Rules 60, 59, and Rule 54"). In this regard, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance. *See U.S. Home Corp. v. Settlers Crossing, LLC*, C/A No. DKC 08-1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012); *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005). Therefore, reconsideration under Rule 54 is appropriate on the following

grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an[] interlocutory order.") (citing *Am. Canoe Ass'n*, 326 F.3d at 514).

## IV.     ANALYSIS

A.     The Parties' Arguments

In its Rule 54(b) Motion, Defendant first argues that the March Order should be amended to prevent manifest injustice. (ECF No. 30 at 18.) Specifically, Defendant asserts that it "demonstrated additional, alternative grounds in favor of summary judgment on Plaintiff's State Law Claims, separate and independent of its ERISA preemption argument, as to which Plaintiff demonstrated no issue of fact." (*Id.* at 18–19.) In this regard, Defendant asserts that Plaintiff failed to "to raise a genuine issue of fact that LHSC communicated a 'contract' or 'promise' to her regarding her eligibility for benefits, that Plaintiff relied on that alleged 'contract' or 'promise' in considering her eligibility for benefits, and that LHSC 'breached' that alleged contract or promise by failing to provide the benefits to which she was allegedly entitled." (*Id.* at 25.) Defendant further asserts that "it is patently clear from the record that Magistrate Judge Hodges did not consider LHSC's alternative arguments in favor of summary judgment, and ruled instead as if LHSC had only asserted ERISA preemption as the grounds for its entitlement to summary judgment." (*Id.* at 20.) As a result, Defendant urges the court to amend the March Order to "prevent 'manifest injustice' to LHSC by relieving LHSC of the burden of continuing to litigate claims for which LHSC is entitled to judgment as a matter of law, . . . ." (*Id.* at 21.)

Defendant next argues that the March Order should be amended because "the Court's finding that the failure to address *Sonoco* precluded summary judgment on ERISA preemption grounds amounted to a clear error of law." (ECF No. 30 at 25.) In support of this argument, Defendant asserts that "citation to *Sonoco* was unnecessary for the Court to accept Magistrate Judge Hodges' recommendation of summary judgment, because Magistrate Judge Hodges relied on a later Fourth Circuit decision regarding ERISA preemption in support of her conclusion, which turned on facts more analogous to this case than the facts the Fourth Circuit confronted in *Sonoco*." (ECF No. 30 at 26.) "More specifically, Magistrate Judge Hodges cited the Fourth Circuit's 2007 decision in *Wilmington* (rather than its 2003 decision in *Sonoco*) in concluding that Plaintiff's State Law Claims were preempted by ERISA because they 'seek to provide alternate enforcement mechanisms to obtain ERISA plan benefits.'" (ECF No. 30 at 26 (citing *Wilmington*, 496 F.3d at 342 ("[T]he Supreme Court has explained that Congress intended ERISA to preempt at least three categories of state law: (1) laws that 'mandate[ ] employee benefit structures or their administration'; (2) laws that bind employers or plan administrators to particular choices or preclude uniform administrative practice; and (3) 'laws providing alternate enforcement mechanisms' for employees to obtain ERISA plan benefits.") (citations omitted)).) Accordingly, Defendant observes that its Rule 54(b) Motion should be granted because "the omission of a discussion of *Sonoco* in Magistrate Judge Hodges' Report and Recommendation did not preclude a proper finding that Plaintiff's State Law Claims were preempted." (ECF No. 30 at 28.)

Plaintiff opposes Defendant's Rule 54(b) Motion arguing that the court correctly found that her "state claims are not preempted by ERISA." (ECF No. 37 at 17.) Moreover, Plaintiff asserts that "she has met the requirements and elements of all state causes of action and those

6

causes of action are not preempted by ERISA based on *Sonoco*." (*Id.* at 19.)

B.  The Court's Review

As a basis for its Rule 54(b) Motion, Defendant asserts that the court erred in the March Order by concluding that ERISA preemption did not apply to Plaintiff's state law claims– for breach of contract, breach of contract/detrimental reliance and bad faith failure to pay insurance– even though the Magistrate Judge determined that these claims acted as an alternative enforcement mechanism to ERISA's civil enforcement provision. (ECF No. 30 at 26.) In response, Plaintiff defends her claims arguing that "Defendant failed and refused to provide Plaintiff with benefits in compliance with [Defendant's 2012–2013][][A] Guide to [Your] Benefits." (ECF No. 37 at 16.) Plaintiff further argues that she "relied on the representation of the Guide to Benefits and the representations to the Defendant's employees that she would have benefits 60 days after her start date to her detriment." (*Id.* at 17.) However, Plaintiff also states that she "does not seek to have the plan enforced but seeks to have the Defendant held responsible for their misrepresentation of facts regarding the benefits offered to the Plaintiff to induce actual and continued employment." (*Id.* at 18.)

"ERISA sets out a comprehensive system for the federal regulation of private employee benefit plans, . . . ." *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 127 (1992). ERISA defines a benefit plan as:

> Any plan, fund, or program which was heretofore or is hereinafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (a) medical, surgical, or hospital care or benefits . . .

29 U.S.C. § 1002(a). "Subject to certain exemptions, ERISA applies generally to all employee benefit plans sponsored by an employer or employee organization." *District of Columbia*, 506

U.S. at 127 (citing 29 U.S.C. § 1003(a)). Additionally, "ERISA's pre-emption provision assures that federal regulation of covered plans will be exclusive" by providing that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *Id.* (citing 29 U.S.C. § 1144(a)).

There are "two types of preemption contemplated by ERISA: ordinary conflict preemption and complete preemption." *Moon v. BWX Techs., Inc.*, 498 F. App'x 268, 272 (4th Cir. 2012). "Ordinary conflict preemption under ERISA § 514 is set forth in 29 U.S.C. § 1144(a): state laws are superseded insofar as they 'relate to' an ERISA plan." *Moon*, 498 F. App'x at 272. "The phrase 'relate to' [i]s given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). "[I]f a state-law claim relates to an ERISA plan-whether asserted in state or federal court-ERISA supersedes state law and the claim must be dismissed." *Cardona v. Life Ins. Co. of N. Am.*, C/A No. 3:09-CV-0833-D, 2009 WL 3199217, at *3 (N.D. Tex. Oct. 7, 2009) (citation omitted); *see also Marks v. Watters*, 322 F.3d 316, 323 (4th Cir. 2003) ("Any claim falling within the [§ 514] field but not within the scope of § 502(a) is preempted and must be dismissed, and any claim falling within the scope of § 502(a) becomes exclusively a federal cause of action."). The Court of Appeals for the Fourth Circuit has identified the following three § 514 preemption categories as "a guide for determining whether a particular state law relates to an ERISA plan": "(1) laws that mandate employee benefit structures or their administration, (2) laws that bind employers or plan administrators to particular choices or preclude uniform administrative practices, and (3) laws that provide alternative enforcement mechanisms to ERISA's civil enforcement provisions."

*Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 190 (4th Cir. 2002) (citations omitted).

In contrast, "complete preemption arises only when plaintiff's state law claims come within the scope of ERISA's civil enforcement provision, found at § 502(a) of the Act and codified at 29 U.S.C. § 1132(a)." *Moon*, 498 F. App'x at 272. "Section 502(a) authorizes participants or beneficiaries to file civil actions to, among other things, recover benefits, enforce rights conferred by an ERISA plan, remedy breaches of fiduciary duty, clarify rights to benefits, and enjoin violations of ERISA." *Marks*, 322 F.3d at 323. In *Sonoco*, the Fourth Circuit identified the "three essential requirements for complete preemption" referenced in the March Order. 338 F.3d at 372.

Upon consideration of the parties' arguments made as to the instant Motion, it is now obvious that Plaintiff's claims, despite her protestations to the contrary, do not exist without reference to Defendant's A Guide to Your Benefits (ECF No. 21-4), which appears to be an ERISA benefit plan.[3] More specifically, Plaintiff's state law claims for breach of contract, breach of contract/detrimental reliance and bad faith failure to pay insurance seek to hold Defendant liable for benefits that Plaintiff argues she was promised, but did not receive. *E.g.*, *Damiano v. Inst. for In Vitro Scis.*, C/A No. PX 16-0920, 2016 WL 7474535, at *6 (D. Md. Dec. 29, 2016) ("Importantly, parties cannot 'avoid ERISA's preemptive reach by recasting otherwise preempted claims as state-law contract and tort claims.'") (quoting *Wilmington*, 496 F.3d at 341). As a result, the court is persuaded that these claims provide alternative enforcement mechanisms and do fall within the scope of ERISA's § 514 preemption, a finding that was reached by the Magistrate Judge in her Report and Recommendation. *Id.*, 2016 WL 7474535, at *7 ("Because Plaintiff seeks to establish an employer's obligations related to an employee benefit plan, her claims fall within the scope of ERISA's § 514 preemption.") (citation omitted). Therefore,

---

[3] Plaintiff has not argued otherwise.

because the Magistrate Judge's recommendation correctly did not reference the *Sonoco* requirements to find § 514 preemption, the court concludes that the March Order's denial of summary judgment based on the Magistrate Judge's and/or Defendant's failure to address the *Sonoco* factors was clear error of law. Accordingly, Plaintiff's state law claims for breach of contract, breach of contract/detrimental reliance and bad faith failure to pay insurance are preempted by ERISA § 514 and must be dismissed. *Cardona*, 2009 WL 3199217, at *4 ("Conflict preemption under § 514 is a defense and leads to a dismissal of the state-law claim.").

## V. CONCLUSION

Based on the aforementioned reasons, the court hereby **GRANTS IN PART** Defendant The Lutheran Homes of South Carolina, Inc.'s Motion to Amend (ECF No. 30) the March 30, 2017 Order and summarily **DISMISSES** Plaintiff's claims for breach of contract, breach of contract/detrimental reliance and bad faith failure to pay insurance. All remaining aspects of Defendant's Motion are **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 5, 2018
Columbia, South Carolina